CHAPMAN *v.* THE STATE.

(*Nashville.* February 7, 1889.)

CRIMINAL LAW. *Recommendation for pardon of accomplice testifying for State. Supreme Court Practice.*

Recommendation for pardon will not be granted by this Court to an accomplice, who, before sentence on his plea of guilty, had secured an equitable claim to executive clemency by testifying fully and fairly, as witness for the State, on the trial of his co-defendants; where the record fails to show that any application was made or acted on in the lower court, or that the accomplice's equitable claim to clemency was not considered in the mitigation of his sentence to imprisonment on a capital charge.

(See United States v. Ford, 99 U. S., 594.)

FROM RUTHERFORD.

Appeal in error from Criminal Court of Rutherford County. G. S. RIDLEY, J.

A. S. MARKS for Chapman.

Attorney-General PICKLE, and PALMER & PALMER for State.

TURNEY, C. J. Jointly with S. T. Lands and C. B. Curlee the plaintiff in error was indicted in the

Criminal Court for Rutherford County for the murder of J. M. Bynum.

On the trial of Lands and Curlee plaintiff in error was introduced by the State as a witness. At a subsequent term of the Court Chapman, being arraigned, pleaded "guilty of murder in the second degree." There were verdict and judgment for fifteen years in the penitentiary, and appeal to this Court after matters in arrest of judgment and for new trial were overruled. The entire bill of exceptions is as follows:

"Upon the submission of the cause by the defendant, Chapman, it was admitted by the State that defendant, Chapman, was jointly indicted with Lands and Curlee, and that the cause as to him was continued at the last term of this Court, and that at that term Lands and Curlee were put on their trial, and that defendant, Chapman, was introduced by the Attorney-General as a witness for the State, and that defendant, Chapman, as such witness, detailed all the facts and circumstances of the crime fairly and fully, and that in his interview with the Attorney-General before he was put on the stand as a witness nothing was said to him by the Attorney-General as to whether it would be better or worse for him if he became a witness for the State."

In the conclusion of the judgment and prayer for appeal is the recital: "The defendant insisted that by pleading guilty he did not intend to waive his equitable right to a pardon from the Governor."

It is now argued that while this Court must affirm the judgment, it is nevertheless its duty, under the law, to recommend to the executive for pardon.

In support of this insistance various authorities are cited and relied on. They are to the effect that "an accomplice who is introduced as a witness and testifies to the facts within his knowledge, withholding nothing because of its tendency to self crimination, has an equitable claim to executive clemency, or the solicitor may enter a *nolle prosequi;* but the fact does not constitute a legal defense to a prosecution against him for the same offense."

From this rule it seems the prosecuting attorney may, in his discretion, under the facts of the case, enter a *nolle,* or he may prosecute to the extent allowable under the indictment.

The indictment is for a capital offense. The submission was for one punishable by imprisonment. What the facts were is not disclosed by this record, and it may be the convict has received all the equity he is entitled to in the reduction of the grade of offense and the character of punishment.

We are to presume the Attorney-General of the Criminal Court, knowing the law, and being not forbidden to prosecute for the highest crime, has exercised a sound discretion and equitable leniency in accepting a submission for murder in the second degree.

Upon what principle can this Court hold that full and complete justice has not been done in view of the strongest equity the convict can claim? We know nothing, and can know nothing, of the facts. They may show him to be the only guilty agent in the perpetration of the murder. The Judge of the Criminal Court, who heard the trial of his accomplices, and afterward of himself, makes no recommendation for executive clemency, nor is he asked to do so, and it is beyond the province of this Court to put him in error on a question not made before him. The only questions that can be raised on this record are those in arrest of judgment and on motion for new trial, with nothing to support either. If the facts had been brought to us with a motion to recommend overruled, the result might be otherwise. We decline to recommend. Whatever claim there may be to executive clemency it still rests in the facts unembarrassed by this opinion.

Affirm the judgment.